*IN THE UNITED STATES DISTRICT COURT*
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**Wheeling**

**RANDALL CEDIS MARTIN,**

       Petitioner,

    v.                                  **Civil Action No. 5:24-CV-18**
                                                   **Judge Bailey**

**H. RAY,**

       Respondent.

## REPORT AND RECOMMENDATION

### I.     Introduction

On January 29, 2024, the pro se petitioner filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Doc. 1].   Petitioner is a federal inmate at FCI Hazelton, in Bruceton Mills, West Virginia, and is challenging the application of time credits under the First Step Act ("FSA").  This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and is referred to the undersigned United States Magistrate Judge to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons that follow, the undersigned recommends that the petition be denied and dismissed without prejudice.

### II. Factual and Procedural History

Petitioner alleges that the Bureau of Prisons ("BOP") is running behind in executing its statutory responsibility to award FSA time credits ("FTC"s) to individuals who have earned them. [Doc. 1 at 8].  He states that he is therefore "being proactive" in advising

1

the Court of his eligibility to have his earned FTCs "credited" to his projected release date. *Id*. According to the BOP's website, petitioner's projected release date is March 26, 2029. It appears from his Program Review, dated November 29, 2023, that his current risk assessment level is MEDIUM. [Doc. 1-1 at 6].

The record is undisputed that during his incarceration, the petitioner has been participating in, and has completed, numerous programs and productive activities. He obtained his GED, is employed as a unit orderly and has earned good work performance reports, as well as overall reports from his counselor, and from his unit team reflecting that "[h]is progress has been above average." [Docs 1 and 1-1].  He asks the Court to award him the 365 allowed by the FSA for inmates participating in recidivism-reduction programming and productive activities.  [Doc. 1 at 8-9].

### III.  Legal Standard

**A.     Reviews of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

**B.**     **Pro Se Litigants**

As a *pro se* litigant, the petitioner pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." ***Haines v. Kerner***, 404 U.S. 519, 520 (1972).  However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court.  *See* ***Weller v. Dep't of Social Servs.***, 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner is not entitled to relief under 28 U.S.C. § 2241, and this matter is due to be dismissed.

## IV. Discussion

To the extent that exhaustion has been applied to habeas corpus, such a requirement is not mandated by statute.   Instead, courts have judicially imposed a duty on prisoners to exhaust administrative remedies before bringing a claim under § 2241. *See* ***Braden v.30th Judicial Circuit Court***, 410 U.S. 484, 490-91 (1973*); see also* ***McClung v. Shearin***, 90 F. App'x 444, 445 (4th Cir. 2004) (*citing* ***Carmona v. United States Bureau of Prisons***, 243 F.3d 629, 634-35 (2d Cir.2001); ***Sites v. Warden, FCI Hazelton,*** No. 5:21-CV-184, 2022 WL 706959, at *1 (N.D. W.Va. Feb 15, 2022) (Mazzone, M.J.), *report and recommendation adopted*, No. 5:21-V-184, 2022 WL 698061 (N.D. W.Va. Mar. 8, 2022) (citations omitted). Because the exhaustion requirement is judicially imposed in habeas proceedings, it follows that a Court has the discretion to waive that requirement in certain circumstances, and accordingly, a number of courts have found that the exhaustion requirement may be waived where the administrative process would be futile. ***Sites, supra,*** at *1 (*citing* ***LaRue v. Adams***, 2006 WL 1674487,

at *5-7 (S.D. W.Va. June 12, 2006) (internal citations omitted)). However, even in cases where the administrative process is unlikely to grant an inmate relief, courts have enforced a longstanding policy favoring exhaustion. *Id.* (citing **Alexander v. Hawk**, 159 F.3d 1321, 1327-28 (11th Cir. 1998).   Pursuant to **McClung**, *supra*, failure to exhaust may only be excused upon a showing of good cause for the failure and a resulting prejudice to the petitioner.   As recognized in **Carmona**, *supra*, which was cited by the Fourth Circuit in its opinion in **McClung**:

> "[T]he interests of judicial economy and accuracy are served by requiring that, absent a showing of cause and prejudice, appeals proceed in the first instance through the federal agency review process…. Administrative autonomy is also served by requiring that a federal prisoner justify his failure to exhaust his intra-Bureau remedies. When, however, legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies, the standard we adopt excuses this failure to exhaust.

**Carmona**, at 634 (internal citations omitted).  This Court has likewise recognized that as a general rule, courts will deny judicial relief until administrative remedies have been exhausted and, further, that exhaustion will not be considered futile "unless the agency is certain to rule adversely" toward the petitioner.   **Reeder v. Phillips**, No. 1:07-CV-138, 2008 WL 2434003 (N.D. W. Va., June 12, 2008) at *3 (internal citations omitted).

The Bureau of Prisons provides a four-step administrative process through which prisoners can request a review of any aspect of their imprisonment, beginning with an informal request to prison staff (BP-8) and progressing to the filing of a written complaint to the warden in the event a satisfactory resolution is not achieved informally (BP-9), followed by an appeal to the Regional Director(BP-10), and ultimately a final appeal to the Office of General Counsel (BP-11). *See* 28 C.F.R. § 542.10, *et seq.*  An inmate is not deemed to have exhausted administrative remedies until a complaint has been filed at all

4

levels. 28 C.F.R.§ 542.10-542.15; **Gibbs v. Bureau of Prison Office, FCI**, 986 F.Supp. 941, 943 (D. Md. 1997).

In particular, it has been recognized that significant policy interests are promoted by requiring the exhaustion of administrative remedies, to include:  (1) avoiding premature interruption of the administrative process; (2) allowing the agency to develop the necessary factual background upon which decisions should be based; (3)  permitting the agency to exercise its discretion or apply its expertise; (4) improving the efficiency of the administrative process; (5) conserving  scarce judicial resources; (6) providing the agency a chance to discover and correct its own errors; and (7) avoiding the possibility that "frequent and deliberate flouting of the administrative process could weaken the effectiveness of an agency by encouraging people to ignore its procedures.'" **Carroll v. McCaffrey**, No. 5:22-CV-27, 2022 WL 880044, at *1 (N.D. W.Va., February 24, 2022) (Mazzone, M.J.), *report and recommendation adopted*, No. 5:22-CV-27, 2022 WL 875911 (N.D. W.Va., Mar. 23, 2022) (citing **Alexander v. Hawk**, supra at 1327.)

Petitioner concedes that he did not exhaust his administrative remedies prior to filing the instant petition. [Doc. 1 at 7-8].  He answered "No" in response to the question as to whether he had presented the facts related to his present petition through the prison's internal grievance procedure. [Doc. 1 at 7].  With respect to his explanation as to why he chose not to purse administrative remedies, petitioner wrote the case name "*Huihui v. Derr*," without any further explanation or elaboration.  [Doc. 1 at 8].  In **Huihui v. Derr**, 2023 WL 4086073 (D. Hawaii, June 20, 2023) the District Court for the District of Hawaii excused a § 2241 petitioner's failure to exhaust, finding that "the pursuit of administrative remedies would be a  futile gesture," since the BOP appeared to

5

"misunderstand" a "dispositive issue of law" upon which the petition was based, namely the date upon which an inmate is eligible to begin earning FTCs under the FSA.  *Id*. at *3.  Relying on its regulation, the BOP claimed that the petitioner was precluded from earning FSA credits until arrival (or surrender) at her designated facility.  The Court "disagree[d] with the respondents reading of the FSA," and found that the regulation "contradict[ed] 'the plain language of the FSA, and of § 3585(a), [which] clearly establishes the date upon which the FSA must allow prisoners to start earning FSA time credits.'"  *Id.* at *2 and *5.  Relaxation of the exhaustion requirement for the petitioner in *Huihui,* according to the Court, would not frustrate the administrative review scheme, but would instead "allow for appropriate clarification of the law for petitioner and respondent." *Id.* at *3.  Requiring any further administrative proceedings, the Court found, under this particular circumstance, "would not preclude the need for judicial review." *Id*.

Initially, the undersigned notes that on its face, this petitioner's claims are different and clearly distinguishable from the one presented to the Court in *Huihui*.  Indeed, this petitioner has not set forth any particular basis upon which his failure to exhaust should be excused.  Assuming, for the sake of argument, however that he relies on *Huihui* for the proposition that exhaustion should be waived because his petition concerns the BOP's mistaken interpretation of the FSA, this particular exception is inapplicable when, as here, the petitioner has not identified any particular question of statutory construction, or "point[ed] to any supposedly-misinterpreted provision of the FSA that this Court could resolve; he simply wants his FSA time credits applied to his sentence."  *Salomon v. Heckard*, No. 5:22-CV-81, 2022 WL 2446286, at *4  (S.D.W. Va., June 6, 2022) (Eifert, M.J.), *report and recommendation adopted*, No. 5:22-CV-81, 2022 WL 2442090 (S.D.

W.Va., July 5, 2022) (citations omitted).  Moreover, in any event, the Southern District of West Virginia has specifically addressed the question of whether petitioners should be excused from exhausting when their claims are based upon statutory interpretation and concluded that, under prevailing Fourth Circuit law, they should not:  "There is some Fourth Circuit precedent indicating that courts may excuse an exhaustion requirement where the dispute is a matter of statutory construction, although *not* in the context of habeas petitions." ***Slusser v. Heckard***, No. 5:23-CV-114, 2023 WL 8115857, at *5 (S.D. W. Va., Oct. 25, 2023 (Aboulhosn, M.J.), *report and recommendation adopted*, No. 5:23-CV-114, 2023 WL 8115856 (S.D. W. Va., Nov. 22, 2023) *citing **Welch v. Heckard***, No. 5:23-CV-347, 2023 WL 6885005, at *2-3 (S.D. W. Va., Sept. 19, 2023) (Eifert, M.J.) *report and recommendation adopted*, No. 5:23-CV-347, 2023 WL 6882684 (S.D. W. Va., Oct. 18, 2023) (emphasis added).

Nor can the petitioner herein claim futility in the absence of a showing that the agency is certain to rule adversely to him. *See **Reeder***, supra.  In this respect, the undersigned notes that the FSA provides that inmates seeking the application of earned time credits who cannot meet the LOW or MINIUM recidivism threshold, may petition the warden to exercise his or her discretion to apply a prisoner's earned credits toward prerelease custody or supervised release, upon determining that the prisoner (1) "would not be a danger to society if transferred to  prerelease custody or supervised release," (2) "has made a good faith effort to lower their recidivism risk through participation in recidivism reduction programs or productive activities;" and (3) "is unlikely to recidivate." 18 U.S.C. § 3624(g)(1)(D)(i)(II)(aa-cc); 28 C.F.R. § 523.44(c)(2).  The petitioner herein has not alleged that this process is unavailable to him, nor is there any evidence that he

has availed himself of it.  Accordingly, he has not demonstrated that exhaustion would be "futile."  *See Cannon v. Heckard*, No. 5:23-CV-566. 2024 WL 503991, at *3 (S.D. W. Va., Jan. 17, 2024) (Eifert, M.J.), *report and recommendation adopted*, No. 5:23-CV-566, 2024 WL 500897 (S.D. W. Va., Feb. 8, 2024).  Permitting petitioners to avoid the administrative process based on unsupported predictions of failure "would allow the futility exception to swallow the exhaustion rule.'" *Reeder*, supra at *3. Finally, it is also noted that the petitioner has not asked the Court to excuse him from the requirement of exhaustion based on prejudice or irreparable harm.

The undersigned finds that requiring the petitioner to exhaust his claim within the BOP's administrative remedy process is clearly appropriate in this case and would serve to promote the important policies "which underlie the exhaustion principle," including the opportunity for the BOP to develop the necessary factual background upon which the petitioner's claim is based, exercise its discretion and apply its expertise in this area, conserve scarce judicial resources, discover and correct its own possible error, and "avoid the deliberate flouting of the administrative process."  *Carroll*, supra at *3.

Finally, the undersigned notes that although the exhaustion of administrative remedies should generally be raised by the defendant as an affirmative defense, if the failure to exhaust is apparent from the face of the complaint, the Court has the authority under 28 U.S.C. § 1915 to dismiss the case sua sponte. *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017) ("A court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies.").   The undersigned finds that petitioner's unsupported claim herein is insufficient to overcome the exhaustion requirement.

Accordingly, petitioner's claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." ***Steel Co. v. Citizens for a Better Env't,*** 523 U.S. 83, 95 (1998); ***Reinbold v. Evers***, 187 F.3d 348, 359 n.10 (4th Cir. 1999). The undersigned finds that the petition should be dismissed without prejudice for failure to exhaust administrative remedies.

## V. <u>Recommendation</u>

For the foregoing reasons, it is hereby recommended that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [**Doc. 1**] be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

Within fourteen (14) days after being served with a copy of this report and recommendation, the petitioner may file with the Clerk of Court **specific written objections identifying those portions of the recommendation to which objection is made and the basis for such objections**. A copy of any objections shall also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** ***Snyder v. Ridenour***, 889 F.2d 1363 (4th Cir. 1989); ***Thomas v. Arn***, 474 U.S. 140 (1985); ***Wright v. Collins***, 766 F.2d 841 (4th Cir. 1985); ***United***

*States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the  Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

**DATED**: March 5, 2024.

*/s. James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE